11-2975-cr
*United States v. Nappy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
         J. CLIFFORD WALLACE,*
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                  *Appellee,*

         v.                                      11-2975-cr

JOHN F. NAPPY,

                  *Defendant-Appellant.*

---

FOR APPELLANT:      JESSE M. SIEGEL, New York, NY.

FOR APPELLEE:       ANTONIA M. APPS, Assistant United States
                    Attorney (Iris Lan, Assistant United
                    States Attorney, *on the brief*), *for* Preet
                    Bharara, United States Attorney for the
                    Southern District of New York, New York,
                    NY.

---

*The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (McKenna, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant John F. Nappy ("Nappy") appeals from his judgment following jury convictions for obstructing a grand jury proceeding in violation of 18 U.S.C. §§ 1503 and 2 and mail fraud under 18 U.S.C. §§ 1341 and 2. Nappy contends the evidence was insufficient to convict him, the district court erred by refusing to grant a new trial based on newly-discovered evidence, and the Government's rebuttal summations were improper. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court will "uphold a conviction so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hassan*, 578 F.3d 108, 122 (2d Cir. 2008)(internal quotation marks omitted). Nappy first claims that the Government's proof is insufficient to establish that he supplied a fraudulent Jason Lawson & Company stockholder

list to the grand jury with the requisite "corrupt" intent because the government did not prove that he believed the list to be false or that he provided it for the purpose of misleading the grand jury. At trial, however, the Government adduced evidence that he had never mentioned stock ownership in Jason Lawson to some of the stockholders on the list, that Nappy's tax returns for the same time period only listed five of the ten purported stockholders, and that Nappy provided a similar but modified list during a related civil case. Further, the Government offered letters purporting to be from Nappy's clients and giving him full authority over their investment. The clients testified that the letters were forgeries. Nappy submitted these letters shortly before providing the stockholder list and affirmatively vouched for their accuracy.

Considering the evidence as a whole—the inherently self-serving nature of the documents, the victims' testimony denying any relationship with Jason Lawson & Company, and the contemporaneous submission of the forged letters—a rational juror could conclude that Nappy submitted a false stockholder list in an attempt to mislead the grand jury.

Second, Nappy claims the evidence contradicts any inference that he caused an order to be placed for Ms. Cascione or that he knew that there were insufficient funds available to place that order.  At trial, however, the Government offered evidence that Nappy was the *de facto* head of Channel Securities, was primarily the one who handled trading, especially of options, and, as the mastermind of the scheme to misappropriate clients' money, was in a position to know if there was money left in the account. Nappy also admitted that, during the same time frame, he personally placed a $10,000 stock order for Ms. Cascione—a transaction that she requested during the same conversation in which she requested the $40,000 bond order.  The jury could have reasonably inferred that if Nappy knew about one of the requested transactions, he would have known about, and approved, both.  Indeed, Nappy's statement that the transaction "would be okay if there was profits in the account," could be interpreted, as the government suggests, as an admission that Nappy approved the transfer and was aware that the account was insufficiently funded.

Nappy also claims that the district court erred in denying his Rule 33 motion for a new trial based on a

4

"newly-discovered" stock certificate in the name of Ms. Dressner, one of Nappy's clients.  To obtain a new trial based on newly-discovered evidence, Nappy must "show[] that the evidence is in fact 'new', *i.e.*, it could not have been discovered, exercising due diligence, before or during trial, and that the evidence is so material and non-cumulative that its admission would probably lead to an acquittal."  *United States v. Siddiqi*, 959 F.2d 1167, 1173 (2d Cir. 1992)(internal quotation marks omitted). Defendant's burden of proof at the district court level is high: "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice. . . .  There must be a real concern that an innocent person may have been convicted." *United States v. Persico*, 645 F.3d 85, 109 (2d Cir. 2011) (internal quotation marks omitted).  His burden on appeal is even higher: "[D]enial of such a motion will not be reversed except for abuse of discretion." *Id.*

In dismissing the motion, the district court assumed, *arguendo*, that the stock certificate was "new."  We agree with the Government that the "newness" and authenticity of this certificate are highly suspect. Nappy took nearly seven years to find it even though he would have likely known of

5

its existence. Further, of all the clients, Ms. Dressner was the only one who testified to having knowledge about Jason Lawson & Company stock; thus, she would have presumably remembered receiving such a certificate. Regardless, the district court correctly found that the stockholder certificate was not "so material and non-cumulative that its admission would probably lead to an acquittal." Rather, "[t]he stock certificate, like the Stockholder List, was simply a document created and kept by Nappy. . . . [T]he certificate does not show, any more than the Stockholder List, that Nappy actually believed that Ms. Dressner was a stockholder." *United States v. Nappy*, No. 94-cr-656(LMM), 1999 WL 476281, at *2 (S.D.N.Y. July 8, 1999)(internal quotation marks omitted). Indeed, the lack of certificates for Nappy's other client-victims would likely raise more questions than the existence of this one would answer.

Finally, Nappy alleges that in both trials the Government's attorney made improper comments in rebuttal summation that unfairly maligned defense counsel and "vouched" for the credibility of its witnesses. This Court has held that, to warrant reversal, the prosecutorial

6

misconduct must cause "substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002)(internal quotation marks omitted).  To meet this standard, a prosecutor's summation remarks must constitute "egregious misconduct." *Id.*  We hold that the prosecutor's remarks here fell short of such a standard and were generally responsive to arguments made by defense counsel.  *See United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005); *United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk